**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AYAH HAYFA**<br><br>    **Plaintiff**<br><br>versus<br><br>**C-K SHERWOOD ACRES LLC D/B/A SHERWOOD ACRES APARTMENTS;**<br>**C-K SHERWOOD ACRES REALTY CORP D/B/A SHERWOOD ACRES APARTMENTS;**<br>**CLK MULTI FAMILY MANAGEMENT, LLC D/B/A SHERWOOD ACRES APARTMENTS;**<br>**CLK COMMERCIAL MGMT LLC D/B/A SHERWOOD ACRES APARTMENTS;**<br>**CLK PROPERTY MANAGEMENT, INC. D/B/A SHERWOOD ACRES APARTMENTS**<br><br>    **Defendants** | **CIVIL ACTION NO. 3:21-cv-00315**<br><br><br>**JUDGE SHELLY D. DICK**<br><br><br>**MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

**NOTICE OF REMOVAL**

Defendants C-K Sherwood Acres LLC, C-K Sherwood Acres Realty Corp., CLK Multi Family Management, LLC, and CLK Commercial MGMT LLC (collectively, "C-K Defendants") hereby give notice and remove the civil action entitled *Ayah Hayfa v. C-K Sherwood Acres, LLC d/b/a Sherwood Acres Apartments, C-K Sherwood Acres Realty Corp d/b/a Sherwood Acres Apartments, CLK Multi Family Management, LLC d/b/a Sherwood Acres Apartments, CLK Commercial MGMT LLC d/b/a Sherwood Acres Apartments, CLK Property Management, Inc. d/b/a Sherwood Acres Apartments*, No. C-706992, Section 23, from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. This removal is done pursuant to 28 U.S.C. §§ 1441 and 1446, and based on this Court's jurisdiction under 28 U.S.C. § 1332.

1

Title 28 U.S.C. §1446 requires that a short and plain statement of the grounds for removal accompany any notice of removal. This action may be removed because Plaintiff, Ayah Hayfa, is diverse from the properly-joined defendants and, upon information and belief, the amount sought exceeds the amount in controversy requirement of 28 U.S.C. § 1332. Therefore, this Court has diversity jurisdiction over this suit in accordance with 28 U.S.C. § 1332.

## I.     Procedural Background

1.     On April 22, 2021, Ayah Hayfa ("Plaintiff") filed a civil action entitled *Ayah Hayfa v. C-K Sherwood Acres, LLC d/b/a Sherwood Acres Apartments, C-K Sherwood Acres Realty Corp d/b/a Sherwood Acres Apartments, CLK Multi Family Management, LLC d/b/a Sherwood Acres Apartments, CLK Commercial MGMT LLC d/b/a Sherwood Acres Apartments, CLK Property Management, Inc. d/b/a Sherwood Acres Apartments*, No. C-706992, Section 23, in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana (the "State Court Action").

2.     The State Court Action was served on the registered agent of Defendants C-K Sherwood Acres LLC, C-K Sherwood Acres Realty Corp., and CLK Multi Family Management, LLC on April 28, 2021, which is when said defendants first learned of the suit's existence.

3.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the State Court Action are attached hereto as **Exhibit 1.**

4.     This Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b).

5.     Pursuant to 28 U.S.C. §§ 124(c)(2), 98(a), and 1441(a), this Notice of Removal is properly filed in the Middle District of Louisiana, because the jurisdiction of this Court embraces the Parish of East Baton Rouge, the parish in which the State Court Action was instituted.

6. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of the Notice of Removal will be served promptly on all parties and will be filed with the Clerk of Court for the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

## II.     Diversity of Citizenship Jurisdiction

7. Under 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

8. Removal is proper pursuant to 28 U.S.C. § 1441(b) where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

9. Plaintiff Ayah Hayfa is a natural person of full age and majority domiciled in East Baton Rouge Parish, Louisiana. *See* **Exhibit 1:** Petition for Damages, p. 1.

10. Defendants C-K Sherwood Acres LLC; CLK Multi Family Management, LLC; and CLK Commercial MGMT LLC are Delaware limited liability companies with all members being citizens of states other than Louisiana. No member of Defendants C-K Sherwood Acres LLC; CLK Multi Family Management, LLC; or CLK Commercial MGMT LLC is a citizen of Louisiana. Accordingly, C-K Sherwood Acres LLC; CLK Multi Family Management, LLC; and CLK Commercial MGMT LLC are not citizens of Louisiana. *See* **Exhibit 2:** Declaration of Michael J. Keith, p. ¶ 5.

11. Defendant C-K Sherwood Acres Realty Corp. is a corporation that is incorporated under the laws of the State of Delaware, with its principal place of business in Woodbury, New York. Accordingly, C-K Sherwood Acres Realty Corp. is not a citizen of Louisiana. *See* **Exhibit 2:** Declaration of Michael J. Keith, p. 2, ¶ 6.

12.     Defendant CLK Property Management, Inc.—a corporation that is incorporated under the laws of the state of New York—has no connection to any of the other defendants in this matter and has no connection to the apartment complex at issue in this litigation. *See* **Exhibit 2:** Declaration of Michael J. Keith, p. 2, ¶¶ 7–8.

13.     At this time, the citizenship of Defendant CLK Property Management, Inc. is unknown, because there is no evidence or affidavit of service in the state-court record that the entity has been properly served at the time of filing this removal, and CLK Property Management, Inc. has not otherwise made an appearance in the matter. However, the citizenship of CLK Property Management, Inc. can be disregarding because the company is an improperly-joined party. Thus, the citizenship of CLK Property Management, Inc. is irrelevant for purposes of removal.

14.     "Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non[]diverse party in state court." *Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 392, 401 (5th Cir. 2013). The test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc). As part of the improper joinder analysis, the "court may pierce the pleadings and consider summary-judgment type evidence." *Davidson v. Georgia-Pacific, LLC,* 819 F.3d 758, 765 (5th Cir. 2016).

15.     Accordingly, based on these facts, it is evident that the Plaintiff cannot state a claim against CLK Property Management, Inc., and there is no possibility of recovery in this case from that entity.

16. Nevertheless, and regardless of whether CLK Property Management, Inc. was improperly joined, the company appears to be a citizen of New York. *See* **Exhibit 3:** Printout from New York Secretary of State Website. Thus, it would not destroy diversity jurisdiction.

17. Therefore, there is complete diversity between the Plaintiff and the named Defendants in this proceeding.

### III.    Amount in Controversy

18. The amount in controversy requirement is satisfied because a preponderance of the evidence shows that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). This is a personal injury matter in which Plaintiff alleges that she tripped and fell to the ground and "sustained injuries." *See* **Exhibit 1:** Petition for Damages, p. 2, ¶ III. In addition to damages for her alleged injuries, Plaintiff is also making a claim for past, present, and future "physical pain and suffering," "mental anguish and emotional pain," "medial expenses," "lost wages and diminished earning capacity," "loss of enjoyment of life," and "all general and equitable relief awardable under these premises." *See Id*., pp. 9, 10 ¶¶ XXXVI, XLII.

19. On May 21, 2021, Defendants' requested that the Plaintiff stipulate that her damages are less than $75,000, exclusive of interest and costs. *See* **Exhibit 4:** Email dated May 21, 2021 and attachment. Counsel for Plaintiff has yet to respond to Defendants' email or sign the stipulation.

20. Prior to removal, Defendants requested medical records from the Plaintiff regarding her treatment and the cost thereof, but Plaintiff has thus far failed to provide these records.

21. In light of (1) the alleged damages sought by Plaintiff and (2) Plaintiff's refusal to respond or stipulate that her damages do not exceed $75,000 exclusive of interest and costs, it is

apparent by a preponderance of the evidence that the amount in controversy in this matter exceeds the amount of $75,000, exclusive of interests and costs.

22. Because a matter may be removed "unless it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount," the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 have been met, and this Honorable Court has jurisdiction over this matter. *Marcel v. Pool Company*, 5 F.3d 81, 84 (5th Cir. 1993), quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 590 (1938).

**D.   Consent to Removal**

23. Under 28 U.S.C. 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

24. Here, there is no evidence or affidavit of service in the state-court record that CLK Property Management, Inc. has been properly served at the time of this removal. *See* **Exhibit 1**. Accordingly, its consent to this removal is not required.

25. Furthermore, CLK Property Management, Inc.'s consent to removal is not required because the company is not properly joined to this matter.

WHEREFORE, Defendants, C-K Sherwood Acres LLC, C-K Sherwood Acres Realty Corp., CLK Multi Family Management, LLC, and CLK Commercial MGMT LLC, having met all the requirements for removal under 28 U.S.C. §§ 1441, *et seq*., including all the jurisdictional requirements of 28 U.S.C. § 1332, pray that this Notice of Removal be deemed good and sufficient and that this matter be removed from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to this Honorable Court.

[*Signatures on following page.*]

Dated: May 28, 2021

Respectfully Submitted,

*s/ Tiffany N. Dupree*
Tarak Anada (La. Bar No. 31598)
JONES WALKER LLP
201 St. Charles Avenue, Suite 4900
New Orleans, Louisiana 70130
Telephone: (504) 582-8322
Facsimile: (504) 589-8322
tanada@joneswalker.com

-and-

Justin J. Marocco (La. Bar No. 35226)
Tiffany N. Dupree (La. Bar No. 38203)
JONES WALKER LLP
445 North Boulevard, Suite 800
Baton Rouge, Louisiana 70802
Telephone: (225) 248-2000
Facsimile: (225) 248-2010
jmarocco@joneswalker.com
tdupree@joneswalker.com

***Attorneys for Defendants C-K Sherwood Acres LLC, C-K Sherwood Acres Realty Corp., CLK Multi Family Management, LLC, and CLK Commercial MGMT LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by electronic mail and/or by placing in the United States Mail, postage prepaid, and properly addressed this 28th day of May, 2021.

*s/ Tiffany N. Dupree*