EAST BATON ROUGE PARISH
Filed Apr 22, 2021 8:24 AM
Deputy Clerk of Court
E-File Received Apr 22, 2021 6:42 PM

C-706992
23

CJA1-cv-00315-SDD-EWD    Document 1-2    05/28/21    Page 1 of 29

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.:                                                    DIVISION

AYAH HAYFA

VERSUS

C-K SHERWOOD ACRES LLC DB/A SHERWOOD ACRES APARTMENTS
C-K SHERWOOD ACRES REALTY CORP D/B/A SHERWOOD ACRES APARTMENTS
CLK MULTI FAMILY MANAGEMENT, LLC D/B/A SHERWOOD ACRES APARTMENTS
CLK COMMERCIAL MGMT LLC D/B/A SHERWOOD ACRES APARTMENTS
CLK PROPERTY MANAGEMENT, INC. D/B/A SHERWOOD ACRES APARTMENTS

FILED: _____        DEPUTY CLERK: _____

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes your Petitioner, **AYAH HAYFA**, being of the full age of majority and a resident of the Parish of East Baton Rouge, State of Louisiana, who respectfully represents:

I.

The named Defendants in connection herewith are as follows:

A)    **C-K SHERWOOD ACRES LLC D/B/A SHERWOOD ACRES APARTMENTS (hereinafter known as "SA LLC"),** a foreign corporation authorized to do and doing business in the State of Louisiana;

B)    **C-K SHERWOOD ACRES REALTY CORP D/B/A SHERWOOD ACRES APARTMENTS (hereinafter known as "SA Corp"),** a foreign corporation authorized to do and doing business in the State of Louisiana;

C)    **CLK MULTI FAMILY MANAGEMENT, LLC D/B/A SHERWOOD ACRES APARTMENTS (hereinafter known as CLK MFM),** a foreign corporation authorized to do and doing business in the State of Louisiana;

D)    **CLK COMMERCIAL MGMT LLC D/B/A SHERWOOD ACRES APARTMENTS (hereinafter known as CLK MGMT),** a foreign corporation authorized to do and doing business in the State of Louisiana; and

E)    **CLK PROPERTY MANAGEMENT INC D/B/A SHERWOOD ACRES APARTMENTS (hereinafter known as "CLK PM"),** a foreign corporation

**EXHIBIT 1**

20-085

authorized to do and doing business in the State of Louisiana.

II.

The named Defendants are indebted to your Petitioner as a result of the injuries sustained in the following described incident.

III.

On or about the May 11, 2020, Petitioner, Ayah Hayfa, was an invited guest of resident, Mohamad Haifa at Sherwood Acres Apartment, located at 12757 Coursey Boulevard, City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana. At the time and place of the accident there was a raised piece of metal or some other object protruding from the steps and/or other dangerous defect in the steps, that served as the primary path to and from Mohamad Haifa's apartment. While coming down the stairs Ms. Hayfa the aforementioned object and/or defect caused Ms. Hayfa to trip and fall to the ground. As a result, Ms. Hayfa sustained injuries.

IV.

The stairs/stairwell were under the custody, possession, and/or control of SA LLC.

V.

In the alternative, the stairs/stairwell were under the custody, possession and/or control of SA Corp.

VI.

In the alternative, the stairs/stairwell were under the custody, possession and/or control of CLK MFM.

VII.

In the alternative, the stairs/stairwell were under the custody, possession and/or control of CLK MGMT.

VIII.

In the alternative, the stairs/stairwell were under the custody, possession and/or control of CLK PM.

IX.

The raised piece of metal or other protruding object and/or defect on the stairs created an unreasonable risk of harm and/or dangerous condition.

20-085

X.

The raised piece of metal or other protruding object and/or other defect was located on the stairs/stairwell of the Sherwood Acres Apartments for such a length of time that SA LLC either knew, or should have known, of the unreasonable risk of harm this hazard created. Alternatively, Petitioner avers that Defendant, SA LLC and/or its agents and employees had actual and/or constructive notice of the dangerous condition which caused Petitioner's incident. Further, SA LLC created and/or caused the unreasonably dangerous condition by failing to exercise reasonable care to discover and/or repair said dangerous condition in the stairs/stairwell.

XI.

In the alternative, the raised piece of metal or other protruding object was located on the stairs/stairwell of the Sherwood Acres Apartments for such a length of time that SA Corp., either knew, or should have known, of the unreasonable risk of harm this hazard created. Alternatively, Petitioner avers that Defendant, SA Corp., and/or its agents and employees had actual and/or constructive notice of the dangerous condition which caused Petitioner's incident. Further, SA Corp created and/or caused the unreasonably dangerous condition by failing to exercise reasonable care to discover and/or repair said dangerous condition in the stairs/stairwell.

XII.

In the alternative, the raised piece of metal or other protruding object was located on the stairs/stairwell of the Sherwood Acres Apartments for such a length of time that CLK MFM., either knew, or should have known, of the unreasonable risk of harm this hazard created. Alternatively, Petitioner avers that Defendant, CLK MFM and/or its agents and employees had actual and/or constructive notice of the dangerous condition which caused Petitioner's incident. Further, CLK MFM created and/or caused the unreasonably dangerous condition by failing to exercise reasonable care to discover and/or repair said dangerous condition in the stairs/stairwell.

XIII.

In the alternative, the raised piece of metal or other protruding object was located on the stairs/stairwell of the Sherwood Acres Apartments for such a length of time that CLK MGMT., either knew, or should have known, of the unreasonable risk of harm this hazard created. Alternatively, Petitioner avers that Defendant, CLK MGMT., and/or its agents and employees had

20-085

actual and/or constructive notice of the dangerous condition which caused Petitioner's incident. Further, CLK MGMT created and/or caused the unreasonably dangerous condition by failing to exercise reasonable care to discover and/or repair said dangerous condition in the stairs/stairwell.

XIV

In the alternative, the raised piece of metal or other protruding object was located on the stairs/stairwell of the Sherwood Acres Apartments for such a length of time that CLK PM, either knew, or should have known, of the unreasonable risk of harm this hazard created. Alternatively, Petitioner avers that Defendant, CLK PM, and/or its agents and employees had actual and/or constructive notice of the dangerous condition which caused Petitioner's incident. Further, CLK PM created and/or caused the unreasonably dangerous condition by failing to exercise reasonable care to discover and/or repair said dangerous condition in the stairs/stairwell.

XV.

Plaintiff avers that there were insufficient warnings and/or other safety measures taken by SA LLC to alert Plaintiff of the presence of the dangerous condition.

XVI.

In the alternative, Plaintiff avers that there were insufficient warnings and/or other safety measures taken by SA Corp., to alert Plaintiff of the presence of the dangerous condition.

XVII.

In the alternative, Plaintiff avers that there were insufficient warnings and/or other safety measures taken by CLK MFM, to alert Plaintiff of the presence of the dangerous condition.

XVIII.

In the alternative, Plaintiff avers that there were insufficient warnings and/or other safety measures taken by CLK MGMT, to alert Plaintiff of the presence of the dangerous condition.

XIX.

In the alternative, Plaintiff avers that there were insufficient warnings and/or other safety measures taken by CLK PM, to alert Plaintiff of the presence of the dangerous condition.

XX.

Plaintiff avers that SA LLC's inspection, maintenance, and/or safety procedures were deficient and/or inadequate on the date of loss.

20-085

XXI.

In the alternative, Plaintiff avers that SA Corp's inspection, maintenance, and/or safety procedures were deficient and/or inadequate on the date of loss.

XXII.

In the alternative, Plaintiff avers that CLK MFM's inspection, maintenance, and/or safety procedures were deficient and/or inadequate on the date of loss.

XXIII.

In the alternative, Plaintiff avers that CLK MGMT's inspection, maintenance, and/or safety procedures were deficient and/or inadequate on the date of loss.

XXIV.

In the alternative, Plaintiff avers that CLK PM's inspection, maintenance, and/or safety procedures were deficient and/or inadequate on the date of loss.

XXV.

Plaintiff's accident was a reasonably foreseeable consequence as a result of the said dangerous condition.

XXVI.

The aforementioned incident and the resulting injuries to plaintiff were proximately caused by the negligence of defendant, SA LLC, and their agents and employees, consisting of the following non-exclusive particulars:

1.  Failure to properly maintain a safe premises;

2.  Having an unreasonable risk of harm within their care, custody, and control that was the cause-in-fact of injuries to the Petitioner;

3.  Failure to exercise reasonable care;

4.  Failure to adequately remedy a known safety hazard;

5.  Creating by act or omission an unreasonably dangerous condition;

6.  Failure to properly warn invitees of a hazardous condition;

7.  Failure to properly and regularly inspect the premises for potentially dangerous conditions;

8.  Failure to properly train and/or supervise its employees; and

20-085

9.   Any such other acts and omissions as will be revealed at trial, all of which were in contravention of the exercise of due care, prudence, and the laws of the state of Louisiana, all of which are specifically pleaded herein as if and though copied *in extenso.*

XXVII.

In the alternative, the aforementioned incident and the resulting injuries to plaintiff were proximately caused by the negligence of defendant, SA Corp, and their agents and employees, consisting of the following non-exclusive particulars:

1.   Failure to properly maintain a safe premises;

2.   Having an unreasonable risk of harm within their care, custody, and control that was the cause-in-fact of injuries to the Petitioner;

3.   Failure to exercise reasonable care;

4.   Failure to adequately remedy a known safety hazard;

5.   Creating by act or omission an unreasonably dangerous condition;

6.   Failure to properly warn patrons of a hazardous condition;

7.   Failure to properly and regularly inspect the premises for potentially dangerous conditions;

8.   Failure to properly train its employees; and

9.   Any such other acts and omissions as will be revealed at trial, all of which were in contravention of the exercise of due care, prudence, and the laws of the state of Louisiana, all of which are specifically pleaded herein as if and though copied *in extenso.*

XXVIII.

In the alternative, the aforementioned incident and the resulting injuries to plaintiff were proximately caused by the negligence of defendant, CLK MFM, and their agents and employees, consisting of the following non-exclusive particulars:

1.   Failure to properly maintain a safe premises;

2.   Having an unreasonable risk of harm within their care, custody, and control that was the cause-in-fact of injuries to the Petitioner;

20-085

3.    Failure to exercise reasonable care;

4.    Failure to adequately remedy a known safety hazard;

5.    Creating by act or omission an unreasonably dangerous condition;

6.    Failure to properly warn patrons of a hazardous condition;

7.    Failure to properly and regularly inspect the premises for potentially dangerous conditions;

8.    Failure to properly train its employees; and

9.    Any such other acts and omissions as will be revealed at trial, all of which were in contravention of the exercise of due care, prudence, and the laws of the state of Louisiana, all of which are specifically pleaded herein as if and though copied *in extenso.*

XXIX.

In the alternative, the aforementioned incident and the resulting injuries to plaintiff were proximately caused by the negligence of defendant, CLK MGMT, and their agents and employees, consisting of the following non-exclusive particulars:

1.    Failure to properly maintain a safe premises;

2.    Having an unreasonable risk of harm within their care, custody, and control that was the cause-in-fact of injuries to the Petitioner;

3.    Failure to exercise reasonable care;

4.    Failure to adequately remedy a known safety hazard;

5.    Creating by act or omission an unreasonably dangerous condition;

6.    Failure to properly warn patrons of a hazardous condition;

7.    Failure to properly and regularly inspect the premises for potentially dangerous conditions;

8.    Failure to properly train its employees; and

9.    Any such other acts and omissions as will be revealed at trial, all of which were in contravention of the exercise of due care, prudence, and the laws of the state of Louisiana, all of which are specifically pleaded herein as if and though copied *in extenso.*

7

20-085

XXX.

In the alternative, the aforementioned incident and the resulting injuries to plaintiff were proximately caused by the negligence of defendant, CLK PM, and their agents and employees, consisting of the following non-exclusive particulars:

1.      Failure to properly maintain a safe premises;

2.      Having an unreasonable risk of harm within their care, custody, and control that was the cause-in-fact of injuries to the Petitioner;

3.      Failure to exercise reasonable care;

4.      Failure to adequately remedy a known safety hazard;

5.      Creating by act or omission an unreasonably dangerous condition;

6.      Failure to properly warn patrons of a hazardous condition;

7.      Failure to properly and regularly inspect the premises for potentially dangerous conditions;

8.      Failure to properly train its employees; and

9.      Any such other acts and omissions as will be revealed at trial, all of which were in contravention of the exercise of due care, prudence, and the laws of the state of Louisiana, all of which are specifically pleaded herein as if and though copied *in extenso.*

XXXI.

As a result of the aforementioned incident and the acts of negligence of SA LLC, Plaintiff sustained injuries.

XXXII.

In the alternative, as a result of the aforementioned incident and the acts of negligence of SA Corp., Plaintiff sustained injuries.

XXXIII.

In the alternative, as a result of the aforementioned incident and the acts of negligence of CLK MFM, Plaintiff sustained injuries.

XXXIV.

In the alternative, as a result of the aforementioned incident and the acts of negligence of

20-085

CLK MGMT, Plaintiff sustained injuries.

XXXV.

In the alternative, as a result of the aforementioned incident and the acts of negligence of CLK PM, Plaintiff sustained injuries.

XXXVI.

Petitioner, Ayah Hayfa, seeks reasonable compensation for the following damages, which were caused and/ or incurred as a direct result of this incident, including, but not limited to, the following:

A.    Past, present, and future physical pain and suffering;

B.    Past, present, and future mental anguish and emotional pain;

C.    Past, present, and future medical expenses;

D.    Past and future lost wages and diminished earning capacity;

E.    Loss of the enjoyment of life (hedonic damages); and

F.    Other injuries and damages which a general quantum amount for which is hereby claimed.

XXXVII.

Under the doctrine of respondeat superior, and/or under theories of agency, Defendant, SA LLC, is vicariously liable for the negligent acts of its employees and for the damage Petitioner suffered therefrom.

XXXVIII.

Under the doctrine of respondeat superior, and/or under theories of agency, Defendant, SA Corp., is vicariously liable for the negligent acts of its employees and for the damage Petitioner suffered therefrom.

XXXIX.

Under the doctrine of respondeat superior, and/or under theories of agency, Defendant, CLK MFM, is vicariously liable for the negligent acts of its employees and for the damage Petitioner suffered therefrom.

XL.

Under the doctrine of respondeat superior, and/or under theories of agency, Defendant,

20-085

CLK MGMT, is vicariously liable for the negligent acts of its employees and for the damage Petitioner suffered therefrom.

XLI.

Under the doctrine of respondeat superior, and/or under theories of agency, Defendant, CLK PM, is vicariously liable for the negligent acts of its employees and for the damage Petitioner suffered therefrom.

XLII.

Petitioner reserves the right to amend her allegation of the facts should the need to arise.

WHEREFORE, Petitioner, Ayah Hayfa, prays that after all due proceedings are had, that there be judgment in her favor and against the Defendants, C-K Sherwood Acres LLC, C-K Sherwood Acres Realty Corp., CLK Multi Family Management, LLC, CLK Commercial MGMT LLC, and CLK Property Management Inc., for reasonable damages with judicial interest from date of judicial demand until paid; for all costs of these proceedings; and for all general and equitable relief awardable under these premises.

Respectfully submitted

YEAGER LANASA TAUZIER, LLC

*Michael K. Melucci*

JON M. YEAGER, LSBA NO. 27148
ANTHONY V. LANASA, JR., LSBA NO. 28114
MARK G. TAUZIER, LSBA NO. 28778
MICHAEL K. MELUCCI, LSBA NO. 37795
MELISSA M. HA, LSBA NO. 39481
2700 Athania Parkway
Metairie, Louisiana 70002
Telephone: (504) 708-2600
Facsimile (504) 833-3491
ATTORNEYFOR PETITIONER
AYAH HAYFA

SERVICE ON FOLLOWING PAGE

20-085

**PLEASE SERVE:**

C-K SHERWOOD ACRES LLC D/B/A SHERWOOD ACRES APARTMENTS
*Through its registered agent for service of process:*
National Registered Agents, Inc.
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

C-K SHERWOOD ACRES REALTY CORP.
*Through its registered agents for service of process:*
National Registered Agents, Inc.
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

CLK MULTI FAMILY MANAGEMENT, LLC D/B/A SHERWOOD ACRES APARTMENTS
*Through its registered agent for service of process:*
National Registered Agents, Inc.
3867 Plasa Tower Dr.
Baton Rouge, LA 70816

CLK COMMERCIAL MGMT LLC D/B/A SHERWOOD ACRES APARTMENTS
VIA LONG ARM
*Through its registered agent for service of process:*
National Registered Agents, Inc.
1209 Orange St.
Wilmington, DE 19801

CLK PROPERTY MANAGEMENT INC D/B/A SHERWOOD ACRES APARTMENTS
VIA LONG ARM
*Through its registered for service of process:*
Cheryl Kramek
7766 #5 West Rd.
Fabius, New York 13063

20-085

EAST BATON ROUGE PARISH
Filed Apr 22, 2021 8:24 AM
Deputy Clerk of Court
E-File Received Apr 21, 2021 6:42 PM

C-706992
23

Case 3:21-cv-00315-SDD-EWD   Document 1-2   05/28/21   Page 12 of 29

**APPENDIX 9.6**
**LOUISIANA CIVIL CASE REPORTING**
Civil Case Cover Sheet - LA. R.S. 13:4688,  Part G, §13 of the Louisiana Supreme Court
General Administrative Rules, and Appendix 9.6 of the Louisiana District Court Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court.  The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

Suit Caption:

AYAH HAYFA

vs.

C-K SHERWOOD ACRES LLC DB/A SHERWOOD ACRES APARTMENTS
C-K SHERWOOD ACRES REALTY CORP D/B/A SHERWOOD ACRES
APARTMENTS CLK MULTI FAMILY MANAGEMENT, LLC D/B/A SHERWOOD
ACRES APARTMENTS CLK COMMERCIAL MGMT LLC D/B/A SHERWOOD
ACRES APARTMENTS CLK PROPERTY MANAGEMENT, INC. D/B/A
SHERWOOD ACRES APARTMENTS

**Court:** 19TH JUDICIAL DISTRICT COURT   **Docket Number:** _____

**Parish of Filing:** EAST BATON ROUGE   **Filing Date:** _____

**Name of Lead Petitioner's Attorney:** Michael K. Melucci _____

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** __1__   **Number of named defendants:** __5__

**Type of Lawsuit:  Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

- ☐ Auto: Personal Injury
- ☐ Auto: Property Damage
- ☐ Auto: Wrongful Death
- ☐ Auto: Uninsured Motorist
- ☐ Asbestos: Property Damage
- ☐ Asbestos: Personal Injury/Death
- ☐ Product Liability
- ☐ Premise Liability
- ☐ Intentional Bodily Injury
- ☐ Intentional Property Damage
- ☐ Intentional Wrongful Death
- ☐ Unfair Business Practice
- ☐ Business Tort
- ☐ Fraud
- ☐ Defamation
- ☐ Professional Negligence
- ☐ Environmental Tort
- ☐ Medical Malpractice
- ☐ Intellectual Property
- ☐ Toxic Tort
- ☐ Legal Malpractice
- ☐ Other Tort (describe below)
- ☐ Other Professional Malpractice
- ☐ Redhibition
- ☐ Maritime
- ☐ Class action (nature of case)
- ☐ Wrongful Death   _____
- ☒ General Negligence

**Please briefly describe the nature of the litigation in one sentence of additional detail:**
A May 11, 2020, tip and fall incident. _____
_____

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name   Michael K. Melucci            Signature   *Michael K. Melucci*

Address  2700 Athania Parkway, Metairie, Louisiana 70002

Phone number: (504) 708-2600      E-mail address: mmelucci@yltlaw.com

EAST BATON ROUGE PARISH
Filed Apr 22, 2021 8:24 AM
Deputy Clerk of Court
E-File Received Apr 21, 2021 6:42 PM

C-706992
23

Case 3:21-cv-00315-SDD-EWD    Document 1-2    05/28/21    Page 13 of 29

19ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.:                                                                    DIVISION

AYAH HAYFA

VERSUS

C-K SHERWOOD ACRES LLC DB/A SHERWOOD ACRES APARTMENTS
C-K SHERWOOD ACRES REALTY CORP D/B/A SHERWOOD ACRES APARTMENTS
CLK MULTI FAMILY MANAGEMENT, LLC D/B/A SHERWOOD ACRES APARTMENTS
CLK COMMERCIAL MGMT LLC D/B/A SHERWOOD ACRES APARTMENTS
CLK PROPERTY MANAGEMENT, INC. D/B/A SHERWOOD ACRES APARTMENTS

FILED: _____     DEPUTY CLERK_____

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**

NOW INTO COURT comes the Plaintiff, Ayah Hayfa, through undersigned counsel, who propounds to the above-named defendant the following interrogatories to be answered fully, individually, in writing, and under oath, under the provisions of the Louisiana Code of Civil Procedure Articles 1457 - 1459, within thirty (30) days after service hereof; and in default of the full, complete, and timely answer thereto, plaintiff demands that you pay all reasonable attorney's fee, costs, and expenses of compelling answer to the same.

**INTERROGATORY NUMBER ONE:**

Please state the full name, occupation, title, address, and relationship to the parties to this litigation of each person who prepared or assisted in the preparation of the Answers to these Interrogatories and Request for Production of Documents and state the authority by which they respond.

**INTERROGATORY NUMBER TWO:**

Identify every owner of the premises, stating the ownership interest and date and method of acquisition for each.

**INTERROGATORY NUMBER THREE:**

If you leased the premises, describe in detail the agreement by which you leased the premises, stating the full contents of all agreements.

**INTERROGATORY NUMBER FOUR:**

Identify every policy of insurance, including excess or umbrella coverages, which in any

1

20-085

way may cover the injuries complained of in the present lawsuit.

**INTERROGATORY NUMBER FIVE:**

When, how, and by whom were you notified that petitioner fell on the premises?

**INTERROGATORY NUMBER SIX:**

State in detail your version of how the fall occurred.

**INTERROGATORY NUMBER SEVEN:**

Describe in detail every action you took to warn the petitioner of any dangerous or slippery condition of the premises.

**INTERROGATORY NUMBER EIGHT:**

Describe in detail your policy in effect during the years of 2019 through present with regard to keeping the area where the subject fall occurred in a reasonably safe condition.

**INTERROGATORY NUMBER NINE:**

Describe every action undertaken by you or on your behalf to maintain the area where the subject fall occurred in a reasonably safe condition during the year of 2019 through present, and state the frequency each action is taken.

**INTERROGATORY NUMBER TEN:**

Identify and state the qualifications and specific job duties of every person who has any responsibility on your behalf with regard to maintaining the area where the subject fall occurred in a reasonably safe condition.

**INTERROGATORY NUMBER ELEVEN:**

Describe the process that was in effect from the year of 2019 until present by which a person could file a complaint regarding maintaining the premises in a reasonably safe condition, including how an employee handles the complaint and how you investigate the complaint.

**INTERROGATORY NUMBER TWELVE:**

Identify the custodian and location of such complaints.

**INTERROGATORY NUMBER THIRTEEN:**

Identify every action you took to protect petitioner from the hazardous condition existing on the premises on May 11, 2020.

20-085

**INTERROGATORY NUMBER FOURTEEN:**

Identify all evidence upon which you may base any contention that petitioner was comparatively at fault or failed to mitigate damages.

**INTERROGATORY NUMBER FIFTEEN:**

Identify every person whom you believe to have any knowledge or information regarding the facts of the fall or the injuries to the petitioner, the basis of that knowledge or information, and the content of that knowledge or information.

**INTERROGATORY NUMBER SIXTEEN:**

Identify every expert whom you may call at the trial of this matter, or on whose opinion any other expert may rely, stating his area of expertise, the substance of his opinion, the basis of his opinion, the methodology used in arriving at the opinion, and the facts on which he relied.

**INTERROGATORY NUMBER SEVENTEEN:**

Identify every person whom you will call or may call as a witness at trial of this matter, including experts.

**INTERROGATORY NUMBER EIGHTTEEN:**

Identify every exhibit that you intend to offer at the trial of this matter.

**INTERROGATORY NUMBER NINETEEN:**

Identify all facts upon which you may base any denial of liability in this matter.

**INTERROGATORY NUMBER TWENTY:**

Identify all photographs, films, videotapes, or materials, items, exhibits, or things of any nature or type in any way constituting, purporting to be, or suggestive of being "surveillance" of petitioner, irrespective of whether or not you or your attorneys consider the same to be "rebuttal" in nature.

**INTERROGATORY NUMBER TWENTY-ONE:**

Identify all evidence on which you intend to rely in this matter.

**INTERROGATORY NUMBER TWENTY-TWO:**

State whether you possess any photographs, motion pictures, videotapes, or other visual representations depicting the scene of the incident and, if so, identify the photographer, the date that each photograph, motion picture, videotape, or other visual representation was taken, and

identify the present custodian of each photograph, motion picture, videotape, or other visual representation.

**INTERROGATORY NUMBER TWENTY-THREE:**

State whether you possess any photographs, motion pictures, videotapes, or other visual representations depicting the petitioner or an injuries sustained by the plaintiff and, if so, identify the photographer, the date that each photograph, motion picture, videotape, or other visual representation was taken, and identify the present custodian of each photograph, motion picture, videotape, or other visual representation.

**INTERROGATORY NUMBER TWENTY-FOUR:**

State whether you possess any physical evidence relating to the incident and, if so, please describe each item of evidence, please set forth the manner by which each item of evidence was acquired, please identify each person who participated in the acquisition of any evidence, and identify the present custodian of each item of physical evidence.

**INTERROGATORY NUMBER TWENTY-FIVE:**

Identify any claim for damages made against you at the subject store location wherein the claimant alleged to have slipped and fell on the floor of your premises from May 11, 2019, through present, and whether or not a suit was filed.

**INTERROGATORY NUMBER TWENTY-SIX:**

Please identify any parties or non-parties whom you contend may be liable or partially liable for the subject incident, including but not limited to any third-party property manager/management and/or maintenance company or companies, and state the facts that form the basis for your contention of each party's or non-party's potential liability.

Respectfully submitted

YEAGER LANASA TAUZIER, LLC

*Michael K. Melucci*

JON M. YEAGER, LSBA NO. 27148
ANTHONY V. LANASA, JR., LSBA NO. 28114
MARK G. TAUZIER, LSBA NO. 28778
MICHAEL K. MELUCCI, LSBA NO. 37795
MELISSA M. HA, LSBA NO. 39481
2700 Athania Parkway
Metairie, Louisiana 70002
Telephone: (504) 708-2600
Facsimile (504) 833-3491
ATTORNEY FOR PETITIONER
AYAH HAYFA

4

20-085

**PLEASE SERVE:**

C-K SHERWOOD ACRES LLC D/B/A SHERWOOD ACRES APARTMENTS
*Through its registered agent for service of process:*
National Registered Agents, Inc.
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

C-K SHERWOOD ACRES REALTY CORP.
*Through its registered agents for service of process:*
National Registered Agents, Inc.
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

CLK MULTI FAMILY MANAGEMENT, LLC D/B/A SHERWOOD ACRES APARTMENTS
*Through its registered agent for service of process:*
National Registered Agents, Inc.
3867 Plasa Tower Dr.
Baton Rouge, LA 70816

CLK COMMERCIAL MGMT LLC D/B/A SHERWOOD ACRES APARTMENTS
VIA LONG ARM
*Through its registered agent for service of process:*
National Registered Agents, Inc.
1209 Orange St.
Wilmington, DE 19801

CLK PROPERTY MANAGEMENT INC D/B/A SHERWOOD ACRES APARTMENTS
VIA LONG ARM
*Through its registered for service of process:*
Cheryl Kramek
7766 #5 West Rd.
Fabius, New York 13063

5

20-085

EAST BATON ROUGE PARISH
Filed Apr 22, 2021 8:24 AM
Deputy Clerk of Court
E-File Received Apr 21, 2021 6:42 PM

19ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.:                                                        DIVISION

AYAH HAYFA

VERSUS

C-K SHERWOOD ACRES LLC DB/A SHERWOOD ACRES APARTMENTS
C-K SHERWOOD ACRES REALTY CORP D/B/A SHERWOOD ACRES APARTMENTS
CLK MULTI FAMILY MANAGEMENT, LLC D/B/A SHERWOOD ACRES APARTMENTS
CLK COMMERCIAL MGMT LLC D/B/A SHERWOOD ACRES APARTMENTS
CLK PROPERTY MANAGEMENT, INC. D/B/A SHERWOOD ACRES APARTMENTS

FILED: _____    DEPUTY CLERK_____

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
### OF DOCUMENTS AND THINGS

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Ayah Hayfa, who requests, pursuant to Louisiana Code of Civil Procedure Article 1461, et seq., within thirty (30) days after service hereof, that defendant, produce and permit counsel for plaintiff to inspect and copy the documents requested herein at the office of the Yeager LaNasa Tauzier, 2700 Athania Parkway, Metairie, Louisiana 70002.

**REQUEST FOR PRODUCTION NO. ONE:**

Produce a copy of every complaint made by anyone about conditions concerning the floor of the premises from the year 2019 through present.

**REQUEST FOR PRODUCTION NO. TWO:**

Produce a copy of every log which was used at any time during the years 2019 through present to record complaints made that in any way pertain to your duty to maintain the subject floor in a reasonably safe condition.

**REQUEST FOR PRODUCTION NO. THREE:**

Produce a certified copy of every policy of insurance which may cover any of the injuries and damages complained of herein.

**REQUEST FOR PRODUCTION NO. FOUR:**

Produce your declarations sheet under those policies that show the coverages available and the policy limits.

1

20-085

**REQUEST FOR PRODUCTION NO. FIVE:**

Produce all "accident" or investigative reports, memoranda, or relating or referring to the incident in question.

**REQUEST FOR PRODUCTION NO. SIX:**

Produce all logs or maintenance records from May 11, 2019, relating or referring to inspection or maintenance of the area where the subject fall occurred.

**REQUEST FOR PRODUCTION NO. SEVEN:**

Produce all handbooks or training manuals provided to, or used in the training of, employees as to the procedures to be followed for inspection of the premises.

**REQUEST FOR PRODUCTION NO. EIGHT:**

Produce all handbooks or training manuals provided to employees or used to train employees as to the proper procedures to be followed when a resident/guest falls on the premises.

**REQUEST FOR PRODUCTION NO. NINE:**

Produce all handbooks or training manuals provided to employees or used to train employees as to the proper procedures to be flowed when dealing with damage to walkways on the property.

**REQUEST FOR PRODUCTION NO. TEN:**

Produce every item identified in your response to interrogatory number twenty-two.

**REQUEST FOR PRODUCTION NO. ELEVEN:**

Produce every item identified in your response to interrogatory number twenty-three.

**REQUEST FOR PRODUCTION NO. TWELVE:**

Produce every item identified in your response to interrogatory number twenty-four.

**REQUEST FOR PRODUCTION NO. THIRTEEN:**

Produce all expert's reports, test results, data relied on, and any other information upon which said expert has relied or utilize to formulate his opinion, irrespective of whether said expert will or will not or may or may not be called to testify at the trial of this matter.

2

20-085

**REQUEST FOR PRODUCTION NO. FOURTEEN:**

Produce curriculum vitae for every expert you have consulted in this matter, whether or not you intend to call that expert as a witness at trial of this matter.

**REQUEST FOR PRODUCTION NO. FIFTEEN:**

Produce every exhibit that you intend to offer at the trial of this matter.

**REQUEST FOR PRODUCTION NO. SIXTEEN:**

Produce a copy of every statement you have taken in this matter.

**REQUEST FOR PRODUCTION NO. SEVENTEEN:**

Produce a copy of every lawsuit identified in interrogatory number twenty-five.

**REQUEST FOR PRODUCTION NO. EIGHTEEN:**

If you identified any party or non-party in response to Interrogatory Number Twenty-Six, please produce any contract or documents which for the basis of your position that said party or non-party may be liable for the damages alleged in this lawsuit, including, but not limited to, any property management and or maintenance agreements/contracts.

Respectfully submitted

YEAGER LANASA TAUZIER, LLC

*Michael K. Melucci*

JON M. YEAGER, LSBA NO. 27148
ANTHONY V. LANASA, JR., LSBA NO. 28114
MARK G. TAUZIER, LSBA NO. 28778
MICHAEL K. MELUCCI, LSBA NO. 37795
MELISSA M. HA, LSBA NO. 39481
2700 Athania Parkway
Metairie, Louisiana 70002
Telephone: (504) 708-2600
Facsimile (504) 833-3491
ATTORNEYFOR PETITIONER
AYAH HAYFA

SERVICE ON FOLLOWING PAGE

20-085

**PLEASE SERVE:**

C-K SHERWOOD ACRES LLC D/B/A SHERWOOD ACRES APARTMENTS
*Through its registered agent for service of process:*
National Registered Agents, Inc.
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

C-K SHERWOOD ACRES REALTY CORP.
*Through its registered agents for service of process:*
National Registered Agents, Inc.
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

CLK MULTI FAMILY MANAGEMENT, LLC D/B/A SHERWOOD ACRES APARTMENTS
*Through its registered agent for service of process:*
National Registered Agents, Inc.
3867 Plasa Tower Dr.
Baton Rouge, LA 70816

CLK COMMERCIAL MGMT LLC D/B/A SHERWOOD ACRES APARTMENTS
VIA LONG ARM
*Through its registered agent for service of process:*
National Registered Agents, Inc.
1209 Orange St.
Wilmington, DE 19801

CLK PROPERTY MANAGEMENT INC D/B/A SHERWOOD ACRES APARTMENTS
VIA LONG ARM
*Through its registered for service of process:*
Cheryl Kramek
7766 #5 West Rd.
Fabius, New York 13063

20-085

**RETURN COPY**



D6443667

# CITATION

AYAH HAYFA
(Plaintiff)

VS

C-K SHERWOOD ACRES, ET AL
(Defendant)

NUMBER C-706992   SEC. 23

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:    C-K SHERWOOD ACRES LLC D/B/A SHERWOOD ACRES APARTMENTS
       THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS: NATIONAL
       REGISTERED AGENTS, INC.
       3867 PLAZA TOWER DR.
       BATON ROUGE,  LA 70816

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **APRIL 22, 2021.**

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: MELUCCI, MICHAEL
             (985) 340-9969

*The following documents are attached:
PETITION FOR DAMAGES, INTERROGATORIES,  REQUEST FOR PRODUCTION OF DOCUMENTS AND
THINGS

SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as
follows:
PERSONAL SERVICE: On the party herein named at _____.

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of
_____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE:  By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:      After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone
legally authorized to represent him.

RETURNED:  Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____                              _____
TOTAL:  $_____                                    Deputy Sheriff
                                                  Parish of East Baton Rouge

CITATION-2000

I made service on the named party through the
CT Corporation
APR 28 2021
by tendering a copy of this document to
Ashley Minvielle
E. CUMMINS
Deputy Sheriff, Parish of East Baton Rouge, Louisiana



**RETURN COPY**



**D6443683**

# CITATION

AYAH HAYFA
(Plaintiff)

**VS**

 C-K SHERWOOD ACRES, ET AL
(Defendant)

NUMBER C-706992   SEC. 23

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   **C-K SHERWOOD ACRES REALTY CORP.**
       **THROUGH ITS REGISTERED AGENTS FOR SERVICE OF PROCESS: NATIONAL**
       **REGISTERED AGENTS, INC.**
       **3867 PLAZA TOWER DR.**
       **BATON ROUGE,  LA 70816**

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **APRIL 22, 2021.**

*Layla Attman*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: MELUCCI, MICHAEL
(985) 340-9969

*The following documents are attached:
PETITION FOR DAMAGES, INTERROGATORIES,  REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
PERSONAL SERVICE:  On the party herein named at _____.

DOMICILIARY SERVICE:  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE:  By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:        After diligent search and inquiry, was unable to find the within named _____ his domicile, or anyone legally authorized to represent him.

RETURNED:  Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____                    _____
MILEAGES_____                        Deputy Sheriff
TOTAL:   $_____                     Parish of East Baton Rouge

CITATION-2000

*I made service on the named party through the CT Corporation APR 2 8 2021 by tendering a copy of this document to Ashley Minvielle E. CUMMINS Deputy Sheriff, Parish of East Baton Rouge, Louisiana*



RECEIVED

APR 27 2021

E B R SHERIFF'S OFFICE

**RETURN COPY**



D6443725

# CITATION

AYAH HAYFA
(Plaintiff)

VS

C-K SHERWOOD ACRES, ET AL
(Defendant)

NUMBER C-706992   SEC. 23

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  CLK MULTI FAMILY MANAGEMENT, LLC D/B/A SHERWOOD ACRES APARTMENT
    THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS: NATIONAL
    REGISTERED AGENTS, INC.
    3867 PLAZA TOWER DR.
    BATON ROUGE, LA 70816

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **APRIL 22, 2021.**



*Layla Attuan*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: MELUCCI, MICHAEL
                    (985) 340-9969

*The following documents are attached:
PETITION FOR DAMAGES, INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND
THINGS

SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____, served on the above named party as follows:
PERSONAL SERVICE: On the party herein named at _____.

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:        After diligent search and inquiry, was unable to find the within named _____ (through the _____ domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:$_____
MILEAGES_____              _____
TOTAL:  $_____                    Deputy Sheriff
                              Parish of East Baton Rouge

CITATION-2000

I made service on the named party through the
CT Corporation
APR 28 2021
by tendering a copy of this document to
Ashley Minvielle
E. CUMMINS
Deputy Sheriff, Parish of East Baton Rouge, Louisiana



RECEIVED
APR 2 7 2021
E B R SHERIFF'S OFFICE

# CITATION
## (Long Arm LSA R.S. 13:3201 et seq.)

**AYAH HAYFA**
(Plaintiff)

**VS**

**C-K SHERWOOD ACRES, ET AL**
(Defendant)

NUMBER C-706992 23

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**\*\* VIA LOUISIANA LONG ARM STATUTE LSA R.S. 13:3201 ET SEQ \*\***

TO:   **CLK COMMERCIAL MGMT LLC D/B/A SHERWOOD ACRES APARTMENTS (VIA LONG ARM)
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS: NATIONAL REGISTERED AGENTS, INC
1209 ORANGE ST.
WILMINGTON,  DE 19801**

GREETINGS:

YOU HAVE BEEN SUED.

Attached to this citation is a certified copy of the petition.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks in accordance with LSA R.S. 13:3201 et seq. OR, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish, on **APRIL 22, 2021**.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: MELUCCI, MICHAEL
(985) 340-9969**

\*Also attached are the following documents:
**PETITION FOR DAMAGES, INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

**CITATION-LONG ARM-2006**

# CITATION
### (Long Arm LSA R.S. 13:3201 et seq.)

**AYAH HAYFA**
(Plaintiff)

**VS**

**C-K SHERWOOD ACRES, ET AL**
(Defendant)

**NUMBER C-706992 23**

**19ᵗʰ JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

### ** VIA LOUISIANA LONG ARM STATUTE LSA R.S. 13:3201 ET SEQ **

**TO:    CLK PROPERTY MANAGEMENT INC D/B/A SHERWOOD ACRES APARTMENTS (VIA LONG ARM)**
**THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CHERYL KRAMEK**
**7766 #5 WEST RD.**
**FABIUS, NY 13063**

GREETINGS:

YOU HAVE BEEN SUED.

Attached to this citation is a certified copy of the petition. The petition tells you what you are being sued for.

You must EITHER do what the petition asks in accordance with LSA R.S. 13:3201 et seq. OR, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish, on **APRIL 22, 2021**.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: MELUCCI, MICHAEL**
**(985) 340-9969**

*Also attached are the following documents:
**PETITION FOR DAMAGES, INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

**CITATION-LONG ARM-2006**