UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AYAH HAYFA                                             CIVIL ACTION NO.

VERSUS

C-K SHERWOOD ACRES,                     NO. 21-315-SDD-EWD
LLC, ET AL.

**NOTICE AND ORDER**

On April 22, 2021, Ayah Hayfa ("Plaintiff") filed a Petition for Damages ("Petition") naming as defendants C-K Sherwood Acres LLC d/b/a Sherwood Acres Apartments ("SA LLC"), C-K Sherwood Acres Realty Corp. d/b/a Sherwood Acres Apartments ("SA Corp."), CLK Multi Family Management LLC d/b/a Sherwood Acres Apartments ("CLK Family LLC"), CLK Commercial MGMT LLC d/b/a Sherwood Acres Apartments ("CLK Commercial LLC"), and CLK Property Management Inc. d/b/a Sherwood Acres Apartments ("CLK Property Inc.") (collectively, "Defendants"), seeking to recover damages for injuries allegedly sustained when Plaintiff slipped and fell at Sherwood Acres Apartments.[1] SA LLC, SA Corp., CLK Family LLC, and CLK Commercial LLC (collectively, the "Removing Defendants") removed the case to this Court on May 28, 2021, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[2]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. As explained below, the Notice of Removal is deficient both as to citizenship allegations and as to amount in controversy.

---

[1] R. Doc. 1-2.
[2] R. Doc. 1.

1

*Citizenship of the Parties*

The party asserting federal jurisdiction must "distinctly and affirmatively" allege the citizenship of all parties. Allegations phrased in the negative are insufficient.[3] While citizenship has been adequately alleged as to Plaintiff and SA Corp.,[4] it is not clear that the parties are completely diverse because citizenship has not been adequately alleged as to SA LLC, CLK Family LLC, CLK Commercial LLC, or CLK Property, Inc.

Removing Defendants allege there is "complete diversity between the Plaintiff and the named Defendants in this proceeding."[5] In the Notice of Removal, Removing Defendants allege (1) that SA LLC, CLK Family LLC, and CLK Commercial LLC are "Delaware limited liability companies with all members being citizens of states other than Louisiana," and (2) that "no member" of any of these LLCs "is a citizen of Louisiana."[6] Likewise, Removing Defendants allege that CLK Property Inc. is "incorporated under the laws of the state of New York" but its citizenship is "unknown" because "there is no evidence of affidavit of service in the state-court regard that the entity has been properly served at the time of filing this removal."[7] However, they contend CLK Property Inc.'s citizenship is "irrelevant" for removal purposes because it is an "improperly-joined party," as it has "no connection" to the other Defendants or Sherwood Acres Apartments such that

---

[3] *Mullins v. Testamerica Inc.*, 300 Fed.Appx. 259, 260 (5th Cir. 2008).
[4] In the Notice of Removal, Removing Defendants allege (1) that Plaintiff is a "natural person of full age and majority domiciled in East Baton Rouge Parish, Louisiana," and (2) that SA Corp. is a "corporation that is incorporated under the laws of the State of Delaware, with its principal place of business in Woodbury, New York." R. Doc. 1, ¶ 9, 11.
[5] R. Doc. 1, ¶ 17.
[6] R. Doc. 1, ¶ 10. *See also* R. Doc. 1-3. In this Declaration, Michael J. Keith, Director of Human Resources and Risk Management for CLK Family LLC, declares (1) that he has "personal knowledge of the membership and/or ownership of [SA LLC…CLK Family LLC, and CLK Commercial LLC]," and (2) that "no member" of these LLCs is domiciled, lives, or incorporated in Louisiana, nor are they a resident or citizen of or based out of Louisiana. *Id*. at ¶¶ 4-5. Because these allegations are all phrased in the negative, they are also insufficient to establish the citizenship of SA LLC, CLK Family LLC, and CLK Commercial LLC for diversity purposes.
[7] R. Doc. 1, ¶¶ 12-15.

there is "no possibility of recovery in this case" from CLK Property Inc.[8] These are not sufficient allegations of these parties' respective citizenships.

For purposes of diversity jurisdiction, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[9] The members of an LLC must be specifically identified.[10] Negative allegations of citizenship, *i.e.*, "none of the members are citizens of Louisiana," are insufficient, as citizenship must be affirmatively alleged.[11] Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements

---

[8] *Id*. The focus of this *sua sponte* Order is citizenship and amount in controversy. Once the citizenship of all parties has been adequately alleged, and the amount in controversy established, the alleged improper joinder of CLK Property Inc. will be addressed by separate order, if necessary.
[9] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).
[10] *Nunez v. ACE Am. Ins. Co.,* No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), *report and recommendation adopted,* No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018) ("Without setting forth each member of USAL Holdings, LLC distinctly, and alleging the citizenship of such member in accordance with the rules applicable to that particular member, the court is unable to determine whether federal subject matter jurisdiction exists. Though USAL previously argued it is not required to distinctly identify the members of USAL Holdings, LLC, the weight of authority on that issue is to the contrary. *See*, *Cavender Enterprise Leasing Family, LLC v. First States Investors 4200 LLC*, No. 10-1667, 2011 WL 3664563, at **1 & 3 (W.D. La. July 21, 2011) (explaining that "simply because Delaware does not require limited liability companies to disclose their membership does not relieve plaintiff of its burden to properly allege diversity jurisdiction" and finding that "plaintiff has failed to affirmatively identify the LLC's, limited partnerships, and real estate investment trusts that comprise the membership of First States, or the members and citizenship of these undisclosed entities. Instead, plaintiff alleges that none of these members have a principal place of business in Tennessee, and that they are ultimately owned by a corporation."); *BNSF Logistics, LLC v. Energo, LLC*, No. 15-2694, 2015 WL 12731754, at *1 (N.D. Tex. Aug. 31, 2015) ("Because BNSF and Energo are alleged to be limited liability companies, BNSF must identify and properly allege the citizenship of all members of BNSF and Energo. Until BNSF identifies and alleges the citizenship of all of its members and of all members of Energo, this court is not shown to have subject matter jurisdiction.") (internal citations omitted); *Sourcing Management, Inc. v. Simclar, Inc.*, No. 14-2552, 2015 WL 2212344, at *3 (N.D. Tex. May 12, 2015) ("Plaintiff fails to allege the names or citizenship of Balmoral's members that are required as a matter of law to plead the citizenship of a limited liability company."). *See also Gabler v. HA Housing, LP*, No. 12-02671, 2012 WL 4856734, at 2 (D. Colo. Oct. 12, 2012) ("By failing to specifically identify the citizenship and name of each of its members and those of Kier, defendant fails to establish complete diversity."). *See also Advocate Fin., L.L.C. v. Maher,* No. 10-24, 2010 WL 2522636, at *2 (M.D. La. June 15, 2010) (Plaintiff must identify each member of the defendant law firm limited liability company and allege their individual citizenships, *citing Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008)).
[11] *Truxillo v. American Zurich Ins. Co*., No. 16-639, 2016 WL 6987127, at *6 (M.D. La. Oct. 24, 2016) (*citing Constance v. Austral Oil Explorations Co., Inc.,* 2013 WL 495779, at *3 (W.D. La. Feb. 3, 2013)). "When jurisdiction is based on diversity, we adhere strictly to the rule that citizenship of the parties must be 'distinctly and affirmatively alleged." *Mullins*, 300 Fed. Appx. at 259, *quoting Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

of 28 U.S.C. § 1332(a) and (c).[12] The same requirement applies to any member of a limited liability company which is also a limited liability company.[13] Neither the Notice of Removal nor the Petition contain sufficient allegations regarding the citizenships of SA LLC, CLK Family LLC, and CLK Commercial LLC because they do not identify, or provide the citizenship of, each of these LLC's respective members as required by 28 U.S.C. § 1332(a) and (c).

Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"[14] While it is alleged the CLK Property Inc. is incorporated in New York, neither the Notice of Removal nor the Petition adequately allege the principal place of business of CLK Property Inc.

*Amount in Controversy*

It is also not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[15] Plaintiff alleges she sustained injuries when she tripped and fell to the ground while she was a guest at Sherwood Acres Apartments.[16] Plaintiff seeks the following past, present, and future damages: (A) physical pain and suffering, (B) mental anguish and emotional pain, (C) medical expenses, (D) lost wages and diminished earning capacity, and (E) loss of the enjoyment of life (hedonic damages)."[17] In their Notice of Removal, Removing Defendants assert that the "amount in controversy requirement is satisfied

---

[12] *Harvey*, 542 F.3d at 1080.
[13] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).
[14] *See also Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("In diversity cases involving corporation, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business for each corporation.").
[15] *See* 28 U.S.C. § 1332(a).
[16] R. Doc. 1-1, ¶¶ III, XXXI – XXXV.
[17] *Id*. at ¶ XXXVI.

because a preponderance of the evidence shows that the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs," based on (1) the fact that "[t]his is a personal injury matter in which Plaintiff alleges she tripped and fell to the ground and 'sustained injuries'"—i.e., the foregoing injuries and damages allegations; and (2) Plaintiff's failure to respond to a request to stipulate that her damages are less than $75,000, exclusive of interest and costs.[18]

The foregoing does not provide enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiffs' general allegations of injuries and demands for general categories of damages (*e.g.*, physical pain and suffering, mental anguish and emotional pain, medical expenses, lost wages and diminished earning capacity, and loss of the enjoyment of life, etc.)[19] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[20]

In this case, the Notice of Removal contains no detailed description of any of the actual injuries suffered by Plaintiff, the nature of Plaintiff's medical treatment, the actual amount of medical expenses Plaintiff has incurred thus far, Plaintiff's prognosis and recommended future treatment, or whether Plaintiff is working/can work. Removing Defendants have not offered any medical information regarding Plaintiff's injuries, treatment, prognoses, and expenses in support

---

[18] R. Doc. 1, ¶¶ 18-22.
[19] R. Doc. 1-8, ¶ 6.
[20] *Davis v. JK & T Wings, In*c., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cited cases.

of the amount in controversy. There is also no evidence of any settlement demand, discovery responses, or other relevant documents that would have bearing on the amount in controversy.

Finally, to the extent that Removing Defendants are suggesting that the amount in controversy is satisfied based on Plaintiff's failure to stipulate that her damages do not exceed the jurisdictional threshold,[21] a plaintiff's refusal to execute a stipulation is only one factor to be considered and is not determinative of the amount in controversy.[22] Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity among the parties and the amount in controversy requirement has been met.[23]

Accordingly,

**IT IS ORDERED** that **by no later than July 13, 2021**, Removing Defendants shall file a comprehensive Amended Notice of Removal, that contains all their numbered allegations as revised, supplemented, and/or amended, without reference to any other document in the record, and that adequately alleges the citizenship of SA LLC, CLK Family LLC, CLK Commercial LLC, and CLK Property Inc., as described in this Notice and Order.

**IT IS FURTHER ORDERED** that **by no later than July 20, 2021**, Removing Defendants

---

[21] R. Doc. 1, ¶¶ 19, 21. *See also* R. Doc. 1-5.
[22] *See, e.g.*, *Johnson v. Petsmart, Inc.*, No. 16-3448, 2017 WL 360265, at *5 (E.D. La. Jan. 25, 2017) *and id.* at n. 83, ("See *Aldrich v. DBP Holding Corp.*, No. 13-5729, 2014 WL 2215707 (E.D. La. May 28, 2014) (plaintiff's failure to stipulate damages 'is not conclusive evidence that a claim exceeds $75,000'); *see also Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392 (E.D. La. Apr. 18, 2006); *Buchana v. Wal-Mart Stores, Inc.*, No. 99-2783, 1999 WL 1044336, at *3 (E.D. La. Nov. 17, 1999) ("Although some courts have considered failure to stipulate in deciding whether to remand, courts in this district and others have found that factor alone does not satisfy a defendant's burden.").
[23] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDRED** that **by no later than August 3, 2021**, Plaintiff shall file either: (1) a Notice stating that Plaintiff does not dispute that Removing Defendants established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on July 6, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**